UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SHEPHERD,

           Petitioner,                  Case Number: 2:12-CV-10246

v.                                       HONORABLE PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

MITCH PERRY,

           Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Anthony Shepherd (Petitioner) is a state inmate currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. He has filed the pending petition challenging his convictions for assault with intent to commit murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. Presently before the Court are seven motions filed by Petitioner.

First, Petitioner filed a Motion to Compel Discovery. He seeks production of a variety of documents, including crime-scene photographs, witness statements, evidence technician reports, and a crime-scene diagram. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). For good cause shown, the district court has the discretion to permit discovery in a habeas proceeding, *see* Rule 6(a) of Rules

Governing Section 2254 Proceedings for the United States District Courts, "provided that the habeas petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001). Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (internal quotation omitted). If a petitioner had the opportunity to develop the facts in the state courts but failed to do so, discovery may be barred by 28 U.S.C. § 2254(e)(2)(A)(ii). Here, Petitioner fails to make any showing that the discovery he requests was unavailable to him in state court. Further, Petitioner fails to explain how the discovery he seeks is likely to support his claims. The motion will be denied.

Second, Petitioner seeks release on bond during the pendency of this proceeding. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Where the court finds no substantial claim that the petitioner is confined in violation of the Constitution, it need not reach the issue of whether exceptional circumstances exist which deserve special

treatment in the interest of justice. *Id.* Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Petitioner's motion fails to establish the existence of any extraordinary and exceptional circumstances which merit release on bond. Therefore, the Court will deny the motion.

Third, Petitioner seeks to correct the trial court transcript. A criminal defendant "'does not have a constitutional right to a totally accurate transcript of his criminal trial.'" *Carpenter v. Vaughn*, 296 F.3d 138, 155 (3d Cir. 2002) (quoting *Tedford v. Hepting*, 990 F.2d 745, 747 (3d Cir. 1993)). A defendant's constitutional rights are violated only if missing parts of the record adversely affect the outcome of the criminal proceedings, such as by preventing or inhibiting meaningful review. *See Scott v. Elo*, 302 F.3d 598, 604–605 (6th Cir. 2002). Petitioner references three transcript pages which allegedly contain inaccuracies or omissions. He does not, however, indicate with any specificity precisely what is missing or inaccurate. Nor does Plaintiff provide any reason why the Court should suspect the accuracy of the transcripts. Petitioner's motion, therefore, will be denied.

Next, Petitioner filed a "Motion to Make Amendments to Appellate Counsel's Arguments." Petitioner seems to be arguing that, on direct review in state court, appellate counsel failed to raise his claims as federal constitutional issues. He asks this Court, in

essence, to allow him to amend the pleadings filed in state court so as to preserve the claims raised there as federal constitutional claims. The manner in which those claims were raised in state court cannot be changed by amendment in a federal habeas proceeding. The motion will be denied.

Next, Petitioner asks the court to remand this matter to state court for an evidentiary hearing. This court lacks authority to remand a federal habeas corpus proceeding to state court. *United States v. Robinson*, 407 F. Supp. 2d 437, 444 (E.D. Mich. 2005); *see Coombs v. Diguglielmo*, 616 F.3d 255, 265 n.10 (3d Cir. 2010) (holding that a federal court "do[es] not have authority under the federal habeas statutes, 28 U.S.C. § 2241 or § 2254, to remand a habeas corpus petition to a state court for an evidentiary hearing"); *Coulter v. McCann*, 484 F.3d 459, 466 (7th Cir. 2007) ("There is no authority in the habeas corpus statute for a federal court to remand or transfer a proceeding to the competent state court."); *Magwood v. Smith,* 791 F.2d 1438, 1449 (11th Cir. 1986) ("[A] federal district court or court of appeals has no appellate jurisdiction over a state criminal case and hence has no authority to 'remand' a case to the state courts."). The Court will deny this motion.

Petitioner also seeks the appointment of counsel. Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

"'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice do not require appointment of counsel.

Finally, Petitioner has filed a "Motion for Cause and Prejudice," in which he asks for a finding that his appellate counsel's ineffectiveness establishes cause and prejudice to excuse his procedural default of certain claims. The Court will address any procedural default when it addresses the merits of the petition. This motion will be denied without prejudice.

Accordingly, the Court DENIES Petitioner's "Motion to Compel Discovery" (Dkt. # 3), "Motion for Recognizance or Bail Pending Appeal" (Dkt. # 4), "Motion to Correct the Trial Transcripts" (Dkt. # 5), "Motion to Make Amendments to Appellate Counsel's Arguments" (Dkt. # 6), "Motion for Remand" (Dkt. # 7), and "Application for Appointment of Counsel" (Dkt. # 8). The Court DENIES WITHOUT PREJUDICE Petitioner's "Motion for Cause and Prejudice" (Dkt. # 9).

SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 8/27/12