UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SHEPHERD,

    Petitioner,

v.

    CASE NO. 2:12-10246
    HONORABLE PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

MITCH PERRY,

    Respondent.

_____/

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS**

Anthony Shepherd, ("petitioner"), presently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to commit murder, M.C.L.A. § 750.83; possession of a firearm by a felon, M.C.L.A. § 750.224f; and possession of a firearm during the commission of a felony, M.C.L.A. § 750.227b. For the reasons stated below, the application for a writ of habeas corpus is DENIED WITH PREJUDICE**.**

**I. BACKGROUND**

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the trial court in denying petitioner's post-conviction motion for relief from judgment, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

1

> Fifteen year old Wyel Price was shot in the chest on his own porch by his neighbor Anthony Shepherd on May 19, 2006.
>
> Wyel Price lived at 20433 Spencer Street on May 19, 2006. (Transcript of Trial, September 13, 2006, hereafter "T1", p. 93). Anthony Shepherd was Price's neighbor and he identified Shepherd in court. (T1, p. 138).
>
> Price was at home on the phone with his mother when he heard a knock on the door. He looked through the peep hole and saw Anthony Shepherd. (T1, p. 139). Shepherd was wearing a hoodie which fell off his head when he turned his head. Shepherd reapplied it. Price opened the door. Shepherd asked Price for some jumper cables. (T1, p. 143). Price said he didn't have any and Shepherd asked for Price's stepdad. Price said he was not at home. (T1, p. 144). Shepherd looked around, as did Price. Price saw a person on the porch (Mardel) across the street. (T1, p. 145). Shepherd reached into his pocket, pulled out a black 9mm gun, shot Price in the chest. (T1, p. 146). Shepherd ran to a gray Aurora and drove off. (T1, p. 150,151).
>
> Price ran downstairs to the basement, looked out his window and determined Shepherd left. Price ran to the Navigator in his driveway but he was unable to start it. (T1, p. 153). Price ran to a neighbor's house, George Peek, who drove Price to the hospital.
>
> Price was shown a photo lineup by Sgt. Gibson while he was in the hospital. Price identified Anthony Shepherd as the person who shot him. (T2, p. 158). Detroit Police Sgt. Ron Gibson confirmed Price selected Anthony Shepherd from the photo array. (T1, p. 200).

*People v. Shepherd,* No. 06-006534-01, * 2-3 (Wayne Cir. Ct. Nov. 5, 2009).

Petitioner's conviction was affirmed on appeal. *People v. Shepherd,* No. 284117 (Mich.Ct.App. July 3, 2008)*; lv. den.* 482 Mich. 1035; 757 N.W. 2d 84 (2008).

Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.,* which was denied. *People v. Shepherd,* No. 06-006534-01 (Wayne Cir. Ct. Nov. 5, 2009). The Michigan appellate courts denied petitioner leave to appeal. *People v. Anthony Shepherd*, No. 300150 (Mich.Ct.App. June 15, 2011); *lv. den.* 490 Mich. 970, 806 N.W.2d 526 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The court abused its discretion when, over defense objection, the court directed the complainant to raise his shirt and show his bullet wound to the jury.

II. Defendant was denied a fair trial when the prosecutor in closing argument deliberately mischaracterized evidence to suggest that a witness observed defendant at the scene of the shooting at the time of the shooting.

III. Defendant was denied his right to a fair trial due to ineffectiveness of counsel when trial counsel made several outcome determinative errors for the failure to present a well-organized constructed defense present expert witnesses and conduct an adequate investigation prior to trial thus the court abused its discretion when Defendants motion for new trial and Ginther hearing was unconstitutionally denied. US Const Ams, VI; XIV; Const 1963 art, 1 § 17.

IV. The Defendants (sic) conviction must be reversed because the verdict goes heavily against the great weight of the evidence and has resulted in a miscarriage of justice. US Const Ams, VI; XIV; Const 1963 art, 1 § 20.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,*

4

131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III. DISCUSSION

#### A. Claim # 1. Display of the bullet wound.

Petitioner first claims that his right to a fair trial was violated when the trial judge, over defense objection, directed the victim to raise his shirt and show his bullet wound to the jury. Petitioner claims that since there was no dispute that the victim was shot, this evidence was prejudicial, irrelevant, and its admission violated M.R.E. 404(b).

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is

limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id*. Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *See Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000).

Petitioner's claim that he was denied a fair trial by the admission of irrelevant and highly prejudicial evidence cannot form the basis for habeas relief, because it involves a state law evidentiary issue. *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *See also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978).

Moreover, the gunshot wound established an element of the crime, namely, petitioner's intent to kill, and was thus relevant to the prosecution's case in proving that the victim had been shot. The Supreme Court held that "the prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense." *Estelle v. McGuire*, 502 U.S. at 69. The Sixth Circuit observed that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of relevant evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012)(emphasis original). Moreover, so long as a state court's determination that evidence is more probative than prejudicial is reasonable, a federal court on habeas review will not overturn a state court conviction. *See Clark v. O'Dea*, 257 F.3d 498, 503 (6th Cir. 2001). The gunshot wound was displayed to prove an element of the crime. Therefore, petitioner's first claim is without merit.

**B. Claim # 2. The prosecutorial misconduct claim.**

Petitioner alleges that the prosecutor deprived him of a fair trial by mischaracterizing evidence during closing argument to suggest that a witness observed petitioner at the scene of the shooting at the time of the shooting.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)).  A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45.  The Court must focus on "'the fairness of the trial, not the culpability of the prosecutor.'" *Pritchett v. Pitcher*, 117 F. 3d 959, 964 (6th Cir. 1997) (quoting *Serra v. Michigan Dep't of Corr.*, 4 F. 3d 1348, 1355 (6th Cir. 1993)).  Thus, in order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012)(quoting *Harrington*, 131 S. Ct., at 786–87).  This is particularly so, "because the *Darden* standard is a very general one, leaving courts 'more leeway ... in reaching outcomes in case-by-case determinations[,]'". *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. at 664).

Petitioner first contends that the prosecutor mischaracterized the testimony of defense

witness James Conwell in his closing argument by suggesting that Conwell observed petitioner at the scene of the shooting.

On cross-examination, Conwell testified that he saw petitioner in his driveway after the shots. (Tr. 9/13/06, p. 244). He then retracted that statement, testifying that petitioner was not around when W.P. was shot. (*Id.,* pp. 244-45).

The prosecutor, in closing argument, highlighted the inconsistencies in Conwell's and Boyce's testimony:

> [A]ccording to Mrs. Boyce, either someone told them before they left the neighborhood—I believe she testified at one point a neighbor comes over before they leave and tells her that someone's been shot. Later she testified that, well no, that was after. We have Mr. Corwell (sic) testifying that he saw Mr. Shepherd leave before the shooting. But at another point he testified, well no, he was still there during the shooting. I submit to you when you look at their testimony you have testimony that's inconsistent with the physical evidence. You have testimony that's inconsistent with each other, and inconsistent with itself when you look at their testimony.

(Tr. 9/14/06, pp. 20-21).

The prosecutor's remarks were fair and accurate comments on the evidence adduced at trial, because they merely highlighted the inconsistencies in Conwell's testimony. Furthermore, the trial court instructed the jury that the arguments of the attorneys were not evidence. (Tr. 9/14/06, p. 49). Petitioner is not entitled to habeas relief on his claim that the prosecutor made remarks that were based upon purported facts that were not introduced into evidence, because the remarks were isolated and the evidence against petitioner in this case was strong. *See Macias v. Makowski*, 291 F.3d 447, 453-54 (6th Cir. 2002). Any prosecutorial misconduct in attempting to inject facts that had not been introduced into evidence was also ameliorated by the trial court's instruction that the lawyers' comments and statements were not evidence. *See*

8

*Hamblin v. Mitchell*, 354 F.3d 482, 495 (6th Cir. 2003). Petitioner is not entitled to habeas relief on his second claim.

### C. Claims # 3 and # 4. The ineffective assistance of counsel claims and great weight of the evidence claim.

The Court will consolidate petitioner's ineffective assistance of counsel claims and great weight of the evidence claim together for judicial clarity. In his third claim, petitioner alleges that combined errors of counsel deprived him of a substantial defense. In his fourth claim, petitioner alleges that his conviction must be reversed because it goes against the great weight of the evidence. (Habeas Petition, pp. 6-10 and attached brief on Ineffective Assistance of Trial Counsel, pp. 18, 20).

Respondent contends that petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by Michigan Court Rule 6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(I).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to

consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under M.C.R 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in

10

this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id*.

The Wayne County Court judge, in denying petitioner's post-conviction motion, ruled that petitioner had failed to establish "'good cause'" and "actual prejudice"as required under M.C.R. 6.508(D)(3). *People v. Shepherd*, No. 06-006534-01, Slip. Op. at p. 13. Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's post-conviction claims are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005). The fact that the trial judge may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). Petitioner's third and fourth claims are procedurally defaulted.

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default.

Petitioner first argues that his initial attorney, Marc R. Lakin, failed to preserve his

appeal of right by failing to file a timely claim of appeal. Petitioner cannot establish that he was prejudiced by Mr. Lakin's failure to perfect a timely appeal of right, so as to excuse any default, because the trial court appointed Gail Rodwan of the State Appellate Defender's Office as appellate counsel, who filed an application for leave to appeal, which was considered on the merits by the Michigan Court of Appeals.

In *Walker v. McKee*, 366 F. Supp. 2d 544 (E.D. Mich.2005), petitioner claimed that his appellate counsel was ineffective for failing to timely file an appeal of right, and that prejudice from counsel's failure to do so should be presumed. The Court rejected this claim, explaining:

> Although Petitioner was not allowed to pursue an appeal of right due to his first appellate counsel's conduct, he was, through new counsel, able to file an application for leave to appeal in the Michigan Court of Appeals to pursue his right of direct appeal-and he in fact did so. Thus, his direct appeal cannot be considered "entirely nonexistent."
>
> Furthermore, the record indicates that the Michigan Court of Appeals considered the merits of Petitioner's claims given that it denied his application for leave to appeal "for lack of merit in the grounds presented." Under these circumstances, it cannot be said that Petitioner's appeal was "presumptively unreliable." Although the Michigan Court of Appeals did not address the merits of the grounds raised in a written opinion, this Court cannot conclude that the Michigan Court of Appeals' evaluation should be presumed to be unreliable. That is, the Court concludes that Petitioner is not entitled to a presumption of prejudice after the Michigan Court of Appeals examined his claims through an application for leave to appeal and determined they lacked merit.

*Id*. at 548-49.

As the Supreme Court explained in *Halbert v. Michigan*, 545 U.S. 605 (2005), "in determining how to dispose of an application for leave to appeal, Michigan's intermediate appellate court looks to the merits of the claims made in the application." *Id*. at 617. Because the Michigan Court of Appeals sits as a court of error-correction, the court "is guided in responding to leave to appeal applications by the merits of the particular defendant's claims, not

by the general importance of the questions presented," *Id*. at 619, and therefore "the court's response to the leave application by any of the specified alternatives-including denial of leave-necessarily entails some evaluation of the merits of the applicant's claims." *Id*. at 618.

In light of these decisions, petitioner cannot show that he was denied the effective assistance of appellate counsel based upon his first appellate counsel's failure to perfect a timely appeal of right, in light of the fact that his appointed appellate counsel filed an application for leave to appeal before the Michigan Court of Appeals.

Petitioner next claims that his appointed appellate counsel was ineffective for failing to raise petitioner's third and fourth claims on his direct appeal.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> "Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v.Washington*, 466 U.S. 668 (1984)] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was

incompetent."

*Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed an appellate brief which raised the first two claims that petitioner raises in his current petition. Petitioner has not shown that appellate counsel's strategy in presenting these two claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Assistant Michigan Attorney General in the answer to the petition for writ of habeas corpus, petitioner's third and fourth claims were not "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural

default of failing to raise these claims on direct review. *See McMeans v. Brigano*, 228 F.3d 674, 682-83 (6th Cir. 2000).

Moreover, because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Petitioner has failed to show cause to excuse his default of the claims that he raised for the first time on state post-conviction review. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his third and fourth claims as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

Finally, assuming that petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F.3d 883, 891 (6th Cir. 2007). For the reasons stated by the Wayne County Circuit Court judge in

rejecting petitioner's post-conviction claims and by the Assistant Michigan Attorney General in the answer to the petition for writ of habeas corpus, petitioner failed to show that his procedurally defaulted claims have any merit. In particular, the reasons justifying the denial of petitioner's procedurally defaulted claims were "ably articulated by the" Wayne County Circuit Court judge in rejecting petitioner's motion for relief from judgment, therefore, "the issuance of a full written opinion" by this Court regarding these claims "would be duplicative and serve no useful, jurisprudential purpose." *See e.g. Bason v. Yukins,* 328 F. App'x. 323, 324 (6th Cir. 2009). Petitioner is not entitled to habeas relief on his third and fourth claims.

       The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling. *Id*. at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d at 885.  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.  CONCLUSION

Accordingly, the Court DENIES WITH PREJUDICE the petition for a writ of habeas corpus.  The Court further DENIES a certificate of appealability and leave to appeal *in forma pauperis.*

**SO ORDERED.**

          s/Paul D. Borman<u>                    </u>
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 5, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 5, 2014.

          s/Deborah Tofil<u>                     </u>
Case Manager