UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SHEPHERD,

        Petitioner,        Case Number: 2:12-CV-10246

v.        HONORABLE PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

MITCH PERRY,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION UNDER
FED. R. CIV. P. 60(B)(6) (ECF NO. 41)**

This matter is before the Court on Petitioner Anthony Shepherd's Motion filed pursuant to Federal Rule of Civil Procedure 60(b)(6). The motion concerns the Court's denial of habeas relief in June 2014. Petitioner challenges the Court's holding that two of his claims were procedurally defaulted.

Petitioner seeks relief under Rule 60(b)(6). Motions filed under Rule 60(b)(6) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Determining whether a motion has been filed within a reasonable time "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright, Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Plaintiff's motion was filed approximately 14 months after the Court issued its judgment. Petitioner provides no explanation for why he waited so long to file his motion. He does not claim newly-

discovered evidence or that he was previously unaware of the basis for his motion. There are no circumstances compelling equitable relief in this case. Given these factors, the Court finds that Plaintiff's motion was not filed within a reasonable time.

Alternatively, even if the motion was timely filed, the Court finds no basis for relief from judgment. "Rule 60(b)(6) should apply 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Olle*, 910 F.2d at 365. It is invoked only in those "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original). Rule 60(b)(6) exists to allow courts to vacate judgments whenever such action is appropriate to accomplish justice in extraordinary circumstances. *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949). The motion appears to challenge the Court's determination that two claims raised in the habeas petition were procedurally defaulted. The Court rejected Petitioner's claim that his appellate attorney was ineffective in failing to raise these claims on direct review in state court. Petitioner's argument in support of relief from judgment amounts to a disagreement with the decision. "Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation[s], new legal theories, or proof." *Burnley v. Bosch Americas Corp.*, 75 Fed. Appx. 329, 333 (6th Cir. 2003). Petitioner has not shown any "exceptional or extraordinary circumstances" to justify relief under Rule 60(b)(6).

Accordingly, the Court DENIES Petitioner's Motion Under Fed. R. Civ. P. 60(b)(6) (ECF No. 41).

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 10, 2016.

s/Deborah Tofil
Case Manager